The opinion of the court was delivered by
Spencer, J.
In the case of Nelson vs. parish of St. Martin, plaintiff obtained judgment against said parish on November 29, 1873, for $4500 *1104 and interest, and ordering “the board of assessors, or officers whose duty it is to assess taxes, forthwith to assess a parish tax at a sufficient rate per cent upon the assessment roll of the current year to pay said judgment, and that the tax collector proceed forthwith to collect said tax, etc.” On December 27, 1877, Nelson presented his petition “ to the judge of the third judicial district court in and for parish of St. Martin,” reciting the above-mentioned judgment, and averring that the proper officers of St. Martin had neglected and refused to levy and collect the tax, as therein directed. Wherefore he prays that the parish assessor and tax collector of St. Martin be cited to appear at the court in the town of New Iberia, in the parish of Iberia, there to show cause, on January 2, 1878, why a mandamus should not be made peremptory, directing them to assess and collect a tax as directed by said judgment, etc.
The assessor and collector appeared at New Iberia and filed numerous exceptions and defenses, among which it will only be necessary to notice two.
1. They except that they are citizens and officers of St. Martin, and that the proceeding against them is addressed to the district court of St. Martin, and that they can not be cited and required to appear and answer in the parish of Iberia.
2. That they are without capacity to stand in judgment, for the reason that it is no part of their duty or of either of them to assess and levy parish taxes, that duty belonging exclusively to the police jury. The collector averring that he has no authority to collect until taxes have been legally imposed. We think both these exceptions well taken.
There is no law or authority authorizing the judge of the third district court in and for parish of St. Martin to compel parties to suits pending in that court to appear before him in another parish. The proceeding was coram non judice, and void.
It is equally fatal to relator’s proceeding that he has not taken it against the necessary parties. The dutij of the parish assessor is to list and value property, not “to assess taxes” thereon. The police jury should have been cited as the only “ officers whose duty it is to assess taxes.”
It is unnecessary to pass npon the constitutional questions raised as to the power of the Legislature, in a case like this, to repeal the law authorizing the levy of a tax to pay judgments, after such judgments have been rendered.
For the reasons now stated the judgment appealed from is affirmed at costs of relator.
Mr. Justice DeBlanc is recused in this case.